

SUPPRESSED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
APR 12 2018
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES OF AMERICA,        )
                                 )
            Plaintiff,           )
                                 )
VS.                              )   No. 4:18CR00301 JAR/NAB
                                 )
                                 )
WILLIAM GLASER,                  )
                                 )
            Defendant.           )

### INDICTMENT – COUNTS I-III
### WIRE FRAUD 18 U.S.C. 1343

*Introduction*

1. At all relevant times, the Defendant William Glaser was a resident of Franklin County, Missouri and did business as a financial advisor in the Eastern District of Missouri.

2. At all relevant times, Defendant was a licensed broker under the laws of the State of Missouri.

3. At all relevant times, the Defendant provided investment and financial advice and sold financial products to his clients and had been employed in the financial services industry for more than thirty years.

4. At all relevant times, the Defendant had individual clients J.K., F.S. and S.A. with whom he had been working as a financial advisor for a substantial period of time before the transactions discussed below.

5. As their financial advisor, J.K., F.S. and S.A. all trusted Defendant and gave great weight to his advice about investments and all kinds of financial affairs. Defendant was in regular contact with J.K., F.S. and S.A. about their investments at all relevant times.

6. At all relevant times, Paul Creager was an acquaintance of the Defendant and was engaged in the construction of residential homes in St. Louis County.

7. By 2015, Creager was in need of working capital. Defendant advised Creager that he was bringing him investors.

*The Payments*

8. Between August 17, 2015 and continuing through December 15, 2016, Defendant facilitated the payment of more than $1,000,000 from his clients J.K., S.A. and F.S. to Everett Builders, LLC, an entity through which Creager was doing business as a residential real estate construction company. Defendant's clients' investments were made through high-yield unsecured promissory notes to Everett Builders, LLC, as well as a check made payable to Everett Builders, LLC.

9. Because Defendant's clients' funds to be invested with Creager were restricted retirement accounts, Defendant facilitated the transfer of those funds into self-directed Individual Retirement Accounts.

10. Between August 18, 2015 and continuing through March 29, 2017, Defendant received more than $150,000 in commission payments from Everett Builders or Creager as commission for Defendant's clients' investments.

*The Representations*

11. Because J.K. and S.A. trusted Defendant and the investment with Everett Builders, LLC was a non-traditional placement, they relied heavily on Defendant's representations about the opportunity. Neither F.S. nor S.A. had any direct dealings with Creager or Everett Builders, LLC prior to making their investments. J.K. had one brief meeting with Creager prior to investment.

12. Defendant represented to J.K., F.S. and S.A. that he had personally invested in

2

Creager's businesses. In truth and fact, Defendant had not done so. In November 2015, Defendant appeared to have made a short term loan in the amount of $40,000 to Creager which was repaid interest-free seventeen days later. However, Defendant never signed a promissory like those signed by his clients or took an equity position in any business associated with Creager.

13. By 2015, Defendant had been acting as a financial advisor to F.S. for at least 20 years. Defendant and F.S. had extensive discussions over those years about F.S.'s finances. Furthermore, Defendant knew F.S. to be living in an assisted living facility by 2016 and was in declining physical and mental health.

14. Defendant falsely represented to his clients that he had invested his own money with Creager/Everett Builders. Defendant failed to disclose that he was receiving payments from Creager soon after the client investments. In truth and fact, Defendant took substantial commissions from Everett Builders for placing his clients in unsecured promissory notes, earning more than $150,000 in commissions between August 2015 and March 2017. In addition to hiding these commissions from his clients, Defendant did not disclose these commissions to the brokerage with which he was associated at the time.

15. After Everett Builders missed its payment on the promissory note to J.K., Defendant made explanations to J.K. as to why the payment was late, often citing delays in various construction projects. During this time between 2016 and 2017, Glaser reiterated falsely that he was owed investment money by Creager as well.

16. When communicating about the investment with J.K., Defendant asked J.K. to avoid using his business e-mail address.

*Everett Builders*

17. At the time it received the loans from Defendant's clients, Everett Builders, LLC was awash in debt to a non-traditional finance company or "hard money" lender which had a secured position superior to Defendant's clients with respect to virtually all of the company's assets and most of Creager's personal assets. Defendant did not disclose to J.K. and S.A. that the "hard money" lender had a secured position superior to them. By early 2017, Everett Builders, LLC and all businesses related to Creager were unable to meet their financial obligations. On July 10, 2017, the primary secured lender initiated foreclosure on all of the assets and development of Everett Builders. LLC and the personal assets of Creager.

18. Everett Builders, LLC failed to make any payments on the promissory notes it had with Defendant's aforementioned clients. As unsecured creditors of an insolvent business, their notes are worthless.

*The Offense Conduct*

19. Between on or about August 17, 2015 and continuing through at December 15, 2016 in the Eastern District of Missouri, the Defendant,

**WILLIAM GLASER,**

having devised a scheme and artifice to defraud another of money and valuable property by means of false and fraudulent pretenses, representations or promises, did send and cause to be sent by means of wire, radio or television communication, signs, signals, writings, pictures or sounds in interstate and foreign commerce with each of the foregoing interstate wirings of investment funds constituting a separate count

| Count | Investor | Amount | Date |
|---|---|---|---|
| I | S.A. | $150,000 | September 2, 2015 |
| II | J.K. | $250,000 | September 2, 2015 |

4

|     |      |           |                   |
|-----|------|-----------|-------------------|
| III | F.S. | $126,000  | December 15, 2016 |

All in violation of Title 18, United States Code Section 1343.

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Sections 981(a) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Section 1343 as set forth in Counts I, II and III, the defendant shall forfeit to the United States of America any property, real or personal, constituting or derived from any proceeds traceable to such violations.

2. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to said violations, the amount of which is at least $1,000,000.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL

_____
FOREPERSON

JEFFREY B. JENSEN
United States Attorney

_____
Thomas C. Albus, #96250
Assistant United States Attorney